IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

DESHAWN STATEN,

                    Plaintiff,                              OPINION AND ORDER

        v.
                                                            20-cv-227-wmc
STACEY HOEM,

                    Defendant.

_Pro se_ plaintiff Deshaun Staten is proceeding in this lawsuit on Eighth Amendment

and Wisconsin negligence claims arising from defendant Stacey Hoem's alleged failure to

prevent Staten from committing self-harm on September 22, 2019, while Staten was being

held on observation status at Columbia Correctional Institution ("Columbia").  Currently

before the court is defendant's motion for summary judgment for Staten's failure to

exhaust his administrative remedies (dkt. #22).  For the reasons that follow, the court will

deny defendant's motion.


OPINION

Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison

conditions under section 1983 of this title, or any other Federal law, by a prisoner confined

in any jail, prison, or other correctional facility until such administrative remedies as are

available are exhausted."  Generally, to comply with § 1997e(a), a prisoner must also

"properly take each step within the administrative process" that are "in the place . . . at the

time, [as] the [institution's] administrative rules require," _Pozo v. McCaughtry_, 286 F.3d

1022, 1025 (7th Cir. 2002), including: (1) compliance with instructions for filing the

initial grievance, *Cannon v. Washington*, 418 F.3d 714, 718 (7th Cir. 2005); and (2) filing all necessary appeals, *Burrell v. Powers*, 431 F.3d 282, 284-85 (7th Cir. 2005).

The purpose of this exhaustion requirement is to give the prison administrators a fair opportunity to resolve the grievance without litigation. *Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Because exhaustion is an affirmative defense, *defendant* bears the burden of establishing that plaintiff failed to exhaust, *Jones v. Bock*, 549 U.S. 199, 216 (2007), and, critical here, "once a prison has received notice of, and an opportunity to correct, a problem, the prisoner has satisfied the purpose of the exhaustion requirement." *Turley v. Rednour*, 729 F.3d 645, 650 (7th Cir. 2013).

In Wisconsin, inmates start the complaint process by filing a complaint with the institution complaint examiner ("ICE") within 14 days after the occurrence giving rise to the complaint. Wis. Admin. Code § DOC 310.07(2) (2018). "Each complaint may contain only one clearly identified issue." *Id.* § 310.07(5). If ICE rejects a grievance for procedural reasons without addressing the merits, an inmate may appeal that rejection. *Id.* § 310.10(10). If the complaint is not rejected outright, ICE will make a recommendation to the reviewing authority as to how the complaint should be resolved. *Id.* § 310.10(9). The offender complaint is then decided by the appropriate reviewing authority, whose decision can also be appealed by the inmate to a correctional complaint examiner. *Id.* §§ 310.11, 310.12. The corrections examiner then makes a recommendation to the Secretary of the Department of Corrections, who takes final action. *Id.* §§ 310.12, 310.13.

The court granted Staten leave to proceed against Hoem based on Staten's

allegations that on September 20, 2019, he was placed on clinical observation status because he threatened to kill himself, and that for multiple days, Dr. Hoem refused to place Staten in restraints to prevent self-harm or take any action to stop him from self-harming. Staten filed one inmate complaint related to those events, WSPF-2019-17417.  On the complaint form, Staten described his complaint as follows:

> On September 22, 2019, I cut my left wrist and staff failed to protect me[] from self-harming while on clinical observation.  I would like for security staff members in the PSU staff to follow DAI Policy and Procedures #500.70.24.

(Dkt. #24-2 at 12.)  In describing the details of his complaint, Staten's allegations focused on how security staff responded to his self-harm.  He alleged in particular that a sergeant responded to his self-harming by threatening to use spray, and then that a cell entry team forcibly removed him from his cell.  Staten further alleged that he was removed from his cell and improperly separated from his property and clothing.  (*Id.*)

The ICE reviewing WSPF-2019-17417 recommended dismissal of the complaint. In the recommendation, the ICE copied and pasted the text of an incident report created *after* Staten was removed from the cell after self-harming, and further noted that he reviewed a second incident report created after that same incident.  The ICE concluded: "This examiner finds inmate Staten's allegation staff failed to protect him are untrue. Inmate Staten's actions prompted appropriate action by staff." (*Id.* at 3.)  Staten timely appealed, focusing his allegations on the fact that he was separated from his property for a lengthy period of time, and his appeal was dismissed as well.

Defendant's position is that because Staten's description of his complaint was limited to how security staff members removed him from his cell and separated him from

his property, he did not alert prison officials to his claim that Dr. Hoem, or any other staff member, prevented him from self-harming.  However, the critical question for exhaustion purposes is not how the ICE *actually* handled Staten's allegations.  Rather, the inquiry is whether Staten's allegations were sufficiently clear to "alert[] the prison to the nature of the wrong for which he was seeking redress." *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002).  In other words, whether Staten's statements in WSPF-2019-17417 communicated his belief that psychological services unit staff such as Dr. Hoem permitted him to commit self-harm.  Staten's two-sentence summary of his claim accomplished that goal.  Staten may not have elaborated in detail *how* staff failed to prevent him from self-harming, but his two-sentence summary explicitly alleged that staff failed to prevent him from self-harm, and that he believed that staff members, including psychological services unit staff, failed to follow policies.  These assertions gave adequate notice to prison staff of the nature of his concern:  he was allowed to harm himself and security staff improperly separated him from his property.

Staten's decision to elaborate in greater detail about how security staff improperly separated him from his property afterwards does not establish that he failed to alert prison officials to his claim in this lawsuit.  *See Riccardo v. Rausch*, 375 F.3d 521, 524 (7th Cir. 2004) (prisoner who was sexually assaulted by cellmate adequately alerted prison officials to failure to protect claim, even though grievance raised concern that the administration did not do its job and asked for cellmate to be prosecuted).  Rather, Staten's inclusion of these additional details may have been a legitimate basis for the ICE to reject the inmate complaint for raising more than one issue (both his ability to self-harm and staff's handling

of his self-harm), but the ICE did not take that approach and instead resolved it on the merits, which is not a basis to find non-exhaustion. *Maddox v. Love*, 655 F.3d 709, 722 (7th Cir. 2011) ("Where prison officials address an inmate's grievance on the merits without rejecting it on procedural grounds, the grievance has served its function of alerting the state and inviting corrective action, and defendants cannot rely on the failure to exhaust defense."). Accordingly, the court will deny defendant's motion for summary judgment.

ORDER

IT IS ORDERED that defendant Stacey Hoem's motion for summary judgment (dkt. #22) is DENIED.

Entered this 15th day of July, 2022.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

5